IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Cochran F. Donahue, | No. CV-25-00754-PHX-GMS (CDB) |
| Plaintiff, | **ORDER** |
| v. | |
| City of Phoenix, et al., | |
| Defendants. | |

Pending before the Court is the Report and Recommendation ("R&R" of Magistrate Judge Camille D. Bibles (Doc. 29) regarding Plaintiff's First Amended Complaint (Doc. 24).

The R&R clearly sets forth the deficiencies in Plaintiff's First Amended Complaint for failing to allege specific factual allegations that Defendants Page, Hinz, and Murphy or any Doe defendant, used excessive force against Plaintiff. (Doc. 29 at 7). Further, Plaintiff's *Monell* claims against the City of Phoenix do not include additional, sufficient, specific facts to cure the deficiencies noted in the Court's August 6, 2025 Order (Doc. 9) to adequately state a cognizable *Monell* claim for relief against the City of Phoenix. (Doc. 29 at 7). Nor does Plaintiff adequately state a factual basis for his claim that any action taken by any named defendant was in violation of his First Amendment rights. (*Id.*)

Additionally, Plaintiff fails to adequately state a claim that any named defendant violated his Fourteenth Amendment rights. (*Id.*)

The R&R recommends the Court dismiss the First Amended Complaint at Doc. 24. The Magistrate Judge advised the parties they had fourteen days to file objections to the R&R. (R&R at 9 (citing 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 7(b)(2)). No objections were filed.

Because the parties did not file objections, the Court need not review any of the Magistrate Judge's determinations on dispositive matters. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003); *Thomas v. Arn*, 474 U.S. 140, 149 (1985) ("[Section 636(b)(1)] does not . . . require any review at all . . . of any issue that is not the subject of an objection."). The absence of a timely objection also means that error may not be assigned on appeal to any defect in the rulings of the Magistrate Judge on any non-dispositive matters. Fed. R. Civ. P. 72(a) ("A party may serve and file objections to the order within 14 days after being served with a copy [of the magistrate's order]. A party may not assign as error a defect in the order not timely objected to."); *Simpson v. Lear Astronics Corp.*, 77 F.3d 1170, 1174 (9th Cir. 1996); *Phillips v. GMC*, 289 F.3d 1117, 1120-21 (9th Cir. 2002).

Notwithstanding the absence of an objection, the Court has reviewed the R&R and finds that it is well taken. The Court will accept the R&R and dismiss the First Amended Complaint (Doc. 24). *See* 28 U.S.C. § 636(b)(1) (stating that the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate").

**IT IS THEREFORE ORDERED** the Report and Recommendation of the Magistrate Judge (Doc. 29) is accepted

**IT IS FURTHER ORDERED** dismissing Plaintiff's First Amended Complaint (Doc. 24).

/ / /

/ / /

/ / /

**IT IS FURTHER ORDERED** Plaintiff may not proceed on the First Amended Complaint and the Complaint (Doc. 1) is the operative complaint.[1]

Dated this 16th day of March, 2026.

_____
G. Murray Snow
Senior United States District Judge

---

[1] The magistrate judge ordered Peru be substituted for Perez with regard to Count Three in the Complaint. (Doc. 35).